IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES DALY,<br><br>        PLAINTIFF,<br><br>        V.<br><br>CITY OF STICKNEY; OFFICER DE LESHE, Star #157; OFFICER ORTIZ Star #615; SCHOOL DISTRICT 103; SUPERINTENDENT MICHAEL WARNER, INDIVIDUALLY; PRINCIPAL JOHN BILLINGSLEY, INDIVIDUALLY,<br><br><br>        DEFENDANTS. | Case No:<br><br>Judge: |

## <u>COMPLAINT</u>

NOW COMES PLAINTIFF JAMES DALY, by and through one of his attorneys, BLAKE HORWITZ, Esq., of The Blake Horwitz Law Firm, Ltd., and pursuant to this Complaint at Law, states the following against the DEFENDANTS: CITY OF STICKNEY; OFFICER DE LESHE, Star #157; OFFICER ORTIZ Star #615; SCHOOL DISTRICT 103; SUPERINTENDENT MICHAEL WARNER; PRINCIPAL JOHN BILLINGSLEY, on personal knowledge as to PLAINTIFF JAMES DALY and on information and belief as to DEFENDANTS and their actions:

## JURISDICTION

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.      PLAINTIFF JAMES DALY is a resident of the State of Illinois and of the United States.

3.      Pursuant to 745 ILCS 10/9-102, DEFENDANT CITY OF STICKNEY is a duly constituted, local public entity and is liable for any judgment entered against DEFENDANT OFFICER DE LESHE and DEFENDANT OFFICER ORTIZ (collectively "DEFENDANT OFFICERS") arising in the course of their employment.

4.      At all times relevant to the allegations within this COMPLAINT, DEFENDANT OFFICERS engaged in the conduct alleged herein, they were acting in the course and scope of their employment, while on duty, and as agents of the DEFENDANT CITY OF STICKNEY.

5.      At all times material to this COMPLAINT, DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the DEFENDANT CITY OF STICKNEY.

6.      This action is brought against DEFENDANT OFFICERS in their individual capacities.

7.     DEFENDANT SCHOOL DISTRICT 103 ("DISTRICT 103") is a public county school system created and existing by virtue of the laws of the State of Illinois.  DISTRICT 103 is the governing entity having authority over George Washington Middle School, and at all times relevant to this action, was a knowing recipient of federal funds.

8.     DISTRICT 103 maintains an office at 4100 Joliet Avenue, Lyons, Illinois 60534.

9.     DEFENDANT MICHAEL WARNER is an adult resident of Cook County, Illinois, and was at all relevant times employed as superintendent of District 103.

10.     DEFENDANT JOHN BILLINGSLEY is an adult resident of Cook County, Illinois, and was at all relevant times employed as principal of George Washington Middle School.

<u>FACTS</u>

11.     During the 2011-2012 school year, PLAINTIFF'S minor son ("N.D.") and minor daughter ("E.D.") were enrolled as students at George Washington Middle School.

12.     E. D. was mentally ill and during the 2011-2012 school year, she was diagnosed with bipolar disorder.

13.     During the 2011-2012 school year, PLAINTIFF was in constant contact with school officials in regards to E.D.'s mental illness, including but not limited to school administrators, faculty, and social workers.

14.     PLAINTIFF kept the school apprised of all material updates and progress of E.D.'s condition, including but not limited to, current physical and emotional well-being, as well as future treatment options and plans.

15.     PLAINTIFF was well regarded by school officials for his active and involved participation in E.D.'s academic progression and mental illness.

16.     DEFENDANT MICHAEL WARNER and DEFENDANT JOHN BILLINGSLEY are childcare professionals. DEFENDANT MICHAEL WARNER was principal of George Washington Middle School at all times relevant to allegations within this COMPLAINT. DEFENDANT JOHN BILLINGSLEY was superintendent of District 103 at all times relevant to allegations within this COMPLAINT.

17.     On information and belief, on or about early May, 2012, PLAINTIFF advised school officials that he located an external educational program for E.D. that would have to be paid for by funding from DISTRICT 103.

18.     Without any reasonable investigation, prior to May 16, 2012 and after receiving information from PLAINTIFF that DISTRICT 103 would be required to fund E.D.'s continued special education, DEFENDANT MICHAEL WARNER and/or DEFENDANT JOHN BILLINGSLEY contacted one or more DEFENDANT OFFICERS wherein they conspired to arrest PLAINTIFF by bringing false allegations of child neglect against him.

19.     On or about the morning of May 16, 2012, PLAINTIFF was preparing E.D. for one of her multiple doctor visits.

20.     On or about the morning of May 16, 2012, DEFENDANT OFFICERS, without probable cause or lawful justification, arrested PLAINTIFF and took PLAINTIFF, along with his two minor children, to the Stickney Police Department.

21.     On May 16, 2012, DEFENDANT OFFICERS, without probable cause, reasonable investigation, or lawful justification, seized PLAINTIFF'S minor children and placed them into protective custody.

22.     PLAINTIFF was not permitted to see his children absent supervision.

23.     PLAINTIFF was not reunited with his minor children for two months, causing unreasonable, extreme, and egregious emotional pain and suffering.

24.     When DEFENDANT OFFICERS engaged in the conduct alleged in this Complaint, they were acting in the course and scope of their employment, while on duty, and as agents of the DEFENDANT CITY OF STICKNEY.

## COUNT I
### Claim for False Arrest pursuant to 42 U.S.C. § 1983 against DEFENDANT MICHAEL WARNER, DEFENDANT JOHN BILLINGSLEY, and DEFENDANT OFFICERS

25.     PLAINTIFF re-alleges paragraphs 1-24 as though fully set forth herein.

26.     DEFENDANT MICHAEL WARNER and DEFENDANT JOHN BILLINGSLEY, through their individual and/or concerted action, were the direct and proximate cause of the false arrest of PLAINTIFF.

27.     One or more of the DEFENDANT OFFICERS conspired and acted together with DEFENDANT MICHAEL WARNER and DEFENDANT JOHN NILLINGSLEY to cause damage to PLAINTIFF by the following actions:

a.     agreeing to detain PLAINTIFF without reasonable suspicion to believe that he had committed, was committing or was about to commit any criminal act;

b.     agreeing to arrest PLAINTIFF without probable cause,

c.     agreeing to falsely file criminal charges, and institute criminal proceedings against PLAINTIFF.

28.     One or more of the DEFENDANT OFFICERS conspired and acted together to cover up the detention of PLAINTIFF without reasonable suspicion, and the arrest of PLAINTIFF without probable cause by generating false and/or incomplete official reports regarding the activities of PLAINTIFF.

29.     As a result of this conspiracy, DEFENDANT OFFICERS, by and through their conduct, directly and proximately caused PLAINTIFF to suffer, *inter alia*, humiliation, fear, anxiety and emotional distress, to be charged with criminal allegations, and to incur financial losses, including, but not limited to, attorney's fees.

WHEREFORE, PLAINTIFF JAMIES DALY, demands that DEFENDANT MICHAEL WARNER, DEFENDANT JOHN BILLINGSLEY, and DEFENDANT OFFICERS be found liable for this claim, jointly and severally, for compensatory and punitive damages, and for attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT II
### Claim for Unreasonable Seizure pursuant to 42 U.S.C. § 1983 and the Fourth Amendment against the DEFENDANT OFFICERS

30.     PLAINTIFF re-alleges paragraphs 1-24 as though fully set forth herein.

31.     On or about May 23, 2013, the DEFENDANT OFFICERS detained PLAINTIFF without investigating possible criminal activity, and without reasonable suspicion that PLAINTIFF had committed, was committing, or was going to commit any criminal act.

32.     The conduct of the DEFENDANT OFFICERS, alleged above, constituted an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution

33.     The actions of the DEFENDANT OFFICERS directly and proximately caused PLAINTIFF, without limitation, physical injury, pain and suffering, humiliation, emotional distress, mental anguish, and financial loss.

34.     The actions of the DEFENDANT OFFICERS were the direct and proximate cause of the injuries that PLAINTIFF sustained as a result of the DEFENDANT OFFICERS' violations of PLAINTIFF'S constitutional rights, alleged above.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in his favor and against the DEFENDANT OFFICERS, and award compensatory damages, costs and attorney's fees.  PLAINTIFF also demands punitive damages, costs and attorney's fees against the DEFENDANT OFFICERS, as well as any other relief that this Court deems just and equitable.

<u>COUNT III</u>
<u>Claim for Deprivation of PLAINTIFF'S Interests in Familial Association, Privacy,</u>
<u>and Autonomy without Due Process pursuant to 42 U.S.C. § 1983 and the</u>
<u>Fourteenth Amendment against ALL DEFENDANTS</u>

35. PLAINTIFF re-alleges paragraphs 1-24 as though fully set forth herein.

36. On or about May 16, 2012, the DEFENDANT OFFICERS and DEFENDANTS MICHAEL WARNER AND JOHN BILLINGSLEY conspired, participated in, and/or caused the arrest of PLAINTIFF without probable cause to believe that PLAINTIFF had committed, was committing, or was going to commit any criminal act.

37. The DEFENDANTS, acting individually or in concert with one or more other DEFENDANTS, violated the due process rights of PLAINITFF under the Fourteenth Amendment by removing his minor children from his custody without any substantive basis for deprivation of PLAINTIFF'S fundamental interest to raise his family.

38. Putting into effect a familial separation and keeping in effect the separation deprived PLAINTIFF of his interests in family association, integrity and autonomy, all without affording PLAINTIFF any procedural process at all by which to challenge the deprivation.

39. The conduct of the DEFENDANTS alleged above violated the Fourteenth Amendment to the United States Constitution.

40.     The actions of the DEFENDANTS caused the PLAINTIFF, without limitation, physical injury, pain and suffering, humiliation, emotional distress, mental anguish, and financial loss.

41.     The actions of the DEFENDANTS were the direct and proximate cause of the injuries that PLAINTIFF sustained as a result of the DEFENDANTS' violations of PLAINTIFF'S constitutional rights, alleged above.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in his favor and against the DEFENDANT OFFICERS, and award compensatory damages, costs and attorney's fees. PLAINTIFF also demands punitive damages, costs and attorney's fees against the DEFENDANTS, as well as any other relief that this Court deems just and equitable.

**COUNT IV**
**Claim for Indemnification pursuant to 745 ILCS 10/9-102**
**against DEFENDANT DISTRICT 103**

42.     PLAINTIFF re-alleges paragraphs 1-24 as though fully set forth herein.

43.     Under Illinois law, "A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article." *See* 745 ILCS 10/9-102.

44.     In May, 2012, DEFENDANTS MICHAEL WARNER and JOHN BILLINGSLEY were public employees and were authorized by their employer, DISTRICT 103, to monitor and discipline students.

45.     DEFENDANTS MICHAEL WARNER and JOHN BILLINGSLEY committed the acts alleged above in the course and scope of their employment with DISTRICT 103 and while on duty.

46.     Should DEFENDANTS MICHAEL WARNER and/or JOHN BILLINGSLEY be found liable for Counts I and III of this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, DISTRICT 103 pay to PLAINTIFF any judgment obtained against DEFENDANTS MICHAEL WARNER and JOHN BILLINGSLEY.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in his favor and against DEFENDANTS MICHAEL WARNER and JOHN BILLINGSLEY and award compensatory damages, costs and attorney's fees. PLAINTIFF also demands punitive damages, costs and attorney's fees against the DEFENDANTS, as well as any other relief that this Court deems just and equitable.

### COUNT V
### Claim for Indemnification pursuant to 745 ILCS 10/9-102
### Against DEFENDANT CITY OF STICKNEY

47.     PLAINTIFF re-alleges paragraphs 1-24 as though fully set forth herein.

48.    DEFENDANT OFFICERS committed the acts alleged herein under color of law, while on duty, and in the scope of their employment by the DEFENDANTS CITY OF STICKNEY.

WHEREFORE, should DEFENDANT OFFICERS be found liable for any of the claims alleged in this COMPLAINT, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, DEFENDANTS CITY STICKNEY pay to PLAINTIFF any judgment obtained against DEFENDANT OFFICERS as a result of this action.

**JURY DEMAND**
PLAINTIFF demands trial by jury.


Respectfully submitted,

*/s/ Blake Horwitz*
One of the Attorneys
for Plaintiff James Daly


Blake Horwitz, Esq.
**The Blake Horwitz Law Firm, Ltd.**
39 South LaSalle Street, Suite 1515
Chicago, Illinois 60603
Telephone: (312) 676-2100
Facsimile: (312) 445-8741