UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES DALY, | ) |
| Plaintiff, | ) Case No. 14-cv-3379 |
| v. | ) Judge John W. Darrah |
| CITY OF STICKNEY, ET AL. | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Daly filed a five-count Complaint against Defendants: City of Stickney; Officer Ortiz, Star No. #615; Village of Lyons; Officer De Leshe, Star No. #157; School District 103; Superintendent Michael Warner ("Warner"); and Principal John Billingsley ("Billingsley"). Count I is a 42 U.S.C. § 1983 claim for false arrest against the Defendant Officers, Warner, and Billingsley. Count II is a Section 1983 claim for a Fourth Amendment violation, claiming unreasonable seizure against the Defendant Officers only. Count III is a Section 1983 claim for a Fourteenth Amendment violation, claiming deprivation of plaintiff's interest in familial association, privacy, and autonomy without due process against all defendants. Count IV is a claim for indemnification against the District pursuant to Illinois statutes. Count V is a claim for indemnification against Defendants Stickney and Lyon pursuant to Illinois statutes. Defendant School District 103 (the "District"), Warner, and Billingsley, (hereafter, collectively, "Defendants") move to dismiss Counts I and III pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

The following is taken from the Complaint, which is assumed to be true for the purposes of a motion to dismiss. *See Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 763 (7th Cir.

2010). During the 2011-2012 school-year, Plaintiff's minor son, N.D., and minor daughter, E.D., were enrolled at George Washington Middle School. (Am. Compl. ¶ 12.) E.D. was mentally ill; and, during the 2011-2012 school-year, she was diagnosed with bipolar disorder. (*Id.* at ¶ 13.) Warner was Principal of George Washington Middle School. (*Id.* at ¶ 10.) Billingsley was Superintendent of District 103. (*Id.* at ¶ 11.)

Plaintiff apprised the school of the progress of E.D.'s condition. (*Id.* at ¶ 15.) This included her current physical and emotional well-being, as well as future treatment options and plans. (*Id.*) On or about early May 2012, Plaintiff advised school officials that he located an external educational program for E.D. that would be paid by funding from the District. (*Id.* at ¶ 18.) After receiving information from Plaintiff that the District would have to pay for the external educational program, Warner and/or Billingsley contacted one or more of the Defendant Officers. (*Id.* at ¶ 19.) The school officials and officers conspired to arrest Plaintiff by bringing false allegations of child neglect against him. (*Id.*)

The morning of May 16, 2012, Plaintiff was preparing E.D. for a doctor's appointment. (*Id.* at ¶ 20.) Defendant Officers arrested Plaintiff and brought him, along with E.D. and N.D., to the Stickney Police Station. (*Id.* at ¶ 21.) Defendant Officers placed Plaintiff's children into protective custody. (*Id.* at ¶ 22.) Plaintiff was not permitted to see his children absent supervision and was not reunited with them for two months. (*Id.* at ¶¶ 23-24.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A complaint must allege

enough facts to support a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). All well-pleaded allegations are presumed to be true, and all inferences are read in the light most favorable to the plaintiff. *Lavalais v. Village of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.' *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009)). The complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555).

## ANALYSIS

### Count I

In Count I, Plaintiff brings a § 1983 claim for false arrest against the Defendant Officers, Warner, and Billingsley. As more specifically set out above, Plaintiff alleges that Defendants agreed to detain Plaintiff without reasonable suspicion, to arrest him without probable cause, and to falsely file criminal charges against him. Plaintiff also alleges that one or both of Defendant Officers conspired to cover up the detention and arrest of Plaintiff by generating false and/or incomplete official reports.

Defendants argue that Count I of the Complaint should be dismissed since they were acting under the reporting requirement of the Abused and Neglected Child Reporting Act,

3

325 ILL. COMP. STAT. 5/1 et. seq. ("ANCRA"). ANCRA requires school personnel to report suspected child abuse and/or neglect to the proper authorities. 325 ILL. COMP. STAT. 5/4 (2012). The Act requires that a reporter have reasonable cause to suspect abuse or neglect. *Id*. Thus, "a school official must determine whether a report of sexual abuse is credible." *Peck v. W. Aurora Sch. Dist. 129*, 06-cv-1153, 2006 WL 2579678, at *6 (N.D. Ill. Aug. 30, 2006).

Defendants claim that since they are required reporters under ANCRA, they are given absolute immunity by the Act. ANCRA provides that any person making a good faith report or referral of child abuse and neglect has immunity from liability except in cases of "wilful or wanton misconduct." 325 ILL. COMP. STAT. 5/9 (2010). Plaintiff alleges that Defendants brought false allegations of child neglect against him without any reasonable investigation. (Am. Compl. ¶ 19). Thus, Plaintiff alleges that Warner and Billingsley engaged in wilful and wanton misconduct and removed themselves from the Act's protection.

Defendants further argue that the doctrine of qualified immunity protects them from the Section 1983 claims. Under this doctrine, government officials performing discretionary functions are generally shielded from civil liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Lane v. Franks*, 134 S. Ct. 2369, 2381 (2014) (quoting *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2085 (2011)). Defeating qualified immunity requires conduct violating a plaintiff's constitutional or statutory rights when those rights are clearly established at the time of the violation such that a "reasonable official would understand that what he is doing violates that right." *Findlay v. Lendermon*, 722 F.3d 895, 899 (7th Cir.

4

2013) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "Qualified immunity is dissolved . . . when the conduct is so egregious that no reasonable person could have believed that it would not violate clearly established rights." *Smith v. City of Chicago*, 242 F.3d 737, 742 (7th Cir.2001).

The Fourth Amendment right to be free of unreasonable seizures, such as a false arrest, is clearly established. *See Gerstein v. Pugh*, 520 U.S. 103, 111-12 (1975); *Wallace v. City of Chicago*, 440 F.3d 421, 425 (2006). Additionally, parents have a fundamental right to make decisions as to care, custody, and control of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). Plaintiff has alleged that Warner and Billingsley conspired with Defendant Officers and filed a false allegation of child neglect in order to have him arrested. Based on these allegations, Plaintiff has sufficiently pled no reasonable official could have believed that filing a false report under ANCRA to have someone arrested would be consistent with constitutional norms. *See Peck*, 2006 WL 2579678, at *6. Therefore, as alleged, Defendants would not be entitled to qualified immunity. Nor would Defendants be protected under ANCRA.

Defendants' Motion to Dismiss Count I is denied.

*Count III*

In Count III, Plaintiff brings a § 1983 claim for deprivation of Plaintiff's interest in familial association, privacy, and autonomy without due process. Defendants again argue that qualified immunity should bar any civil liability from their actions. But qualified immunity does not protect state actors from conduct so egregious that no reasonable person could have believed

it did not violate clearly established rights. *Smith*, 242 F.3d at 742. Plaintiff has alleged that Warner and Billingsley conspired with Defendant Officers to file a false report of child neglect, leading to his arrest and, ultimately, the removal of his children. Based on these allegations, Defendants are not protected by qualified immunity. Defendants' Motion to Dismiss Count III is denied.

## CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss [29] Counts I and III is denied.

Date:    November 20, 2014              /s/ _____
                                        JOHN W. DARRAH
                                        United States District Court Judge